IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-135-BO

| | |
|---|---|
| JEANETTE L. PRIDGEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings, [D.E. 16, 18] filed in conjunction with accompanying memoranda in support [D.E. 17, 19]. A hearing on this matter was held in Raleigh, North Carolina on July 25, 2017. [D.E. 25]. For the reasons discussed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff has past relevant work ("PRW") as a painter. [Tr. 87]. Plaintiff asserts that she stopped working due to back problems, arthritis, asthma, and depression. [Tr. 125]. On the alleged disability onset date of August 11, 2012, plaintiff was 33 years old. [D.E. 17] at 1.

On November 30, 2012, plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income benefits under Title XVI of the Act. [Tr. 151–52]. Plaintiff's applications were denied both initially and upon reconsideration. [Tr. 194–201, 202–11]. An Administrative Law Judge ("ALJ") held a hearing on December 4, 2014, to consider plaintiff's claims *de novo*. [Tr. 94–124]. On February 6,

2015, the ALJ issued a decision denying plaintiff's claim. [Tr. 78–88]. On March 3, 2015, plaintiff requested a review of the ALJ's decision. [Tr. 74]. On June 4, 2016, the Appeals Council denied the request for review [Tr. 1–7], thereby rendering the ALJ's decision the final decision of the Commissioner. On June 27, 2016, plaintiff filed a complaint with the court seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). [DE 5].

## **LEGAL STANDARD**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to a determination of whether the Commissioner employed the correct legal standard and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides:

> an individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

In making an initial disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof

2

is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The ALJ's inquiry ceases if a decision regarding claimant's disability can be made at any step of the process. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting her from performing basic work activities. *Id.* The ALJ cannot deny benefits at step three; rather, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See id.* (citing 20 C.F.R. Part 404, Subpart P, App. 1). If the impairment is listed in the Listing of Impairments, or if it is equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. *See* 20 C.F.R. § 416.920(d). However, if the claimant's impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

The ALJ's RFC finding considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

At step four, the ALJ considers a claimant's RFC to determine whether he or she can perform past work despite the claimant's impairments. 20 C.F.R. § 416.920(a)(4). If the

3

claimant cannot perform past work, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on her RFC, age, education, and work experience–can make an adjustment to perform other (substantial gainful) work. *Id.* When determining what occupations are available that a claimant could perform, an ALJ relies on the *Dictionary of Occupational Titles* (DOT) including its companion publication, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO). SSR 00-4p. If the claimant cannot perform other work, the ALJ will find that the claimant is disabled. 20 C.F.R. § 416.920(a)(4).

As a general matter, an ALJ must consider the entire record when determining the credibility of a claimant's statements. *See* SSR 96-7p, 1996 WL 374186, at *1. The regulations provide a two-step process for evaluating whether a claimant is disabled by pain or other symptoms alleged. 20 C.F.R. § 404.1529; *Craig v. Chater*, 76 F.3d 585, 593–96 (4th Cir.1996). First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or other alleged symptoms. 20 C.F.R. § 404.1529(b). Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. § 404.1529(c). The ALJ must also consider the consistency of the individual's statements, a longitudinal record of treatment, and attempts to seek treatment for pain. *See* SSR 96-7p, 1996 WL 374186, at *7.

## DISCUSSION

In the present case, the ALJ's February 6, 2015, decision followed the sequential five-step evaluation process and found that steps one through four favored plaintiff. [Tr. 80–87]. The ALJ determined that plaintiff had the RFC to perform light work with the following restrictions:

> she can only occasionally stoop, crouch, kneel and crawl; she must avoid concentrated exposure to respiratory irritants, such as dust, fumes and smoke; she

4

is limited to performing simple, routine and repetitive tasks (i.e., she can apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations); and she is unable to work at jobs requiring complex decision making, constant change or dealing with crisis situations.

[Tr. 82–83].

On the basis of the RFC provided by the ALJ, the vocational expert ("VE") testified at the December 4, 2014, hearing that plaintiff could not perform her PRW as a painter. [Tr. 122]. However, the VE found that plaintiff could still perform other jobs including:

(1) merchandise marker (DOT# 209.587-034), 182,000 jobs nationally/4,800 jobs in North Carolina; (2) sales attendant (DOT# 299.677-010), 120,000 jobs nationally/3,600 jobs in North Carolina; (3) cashier (DOT # 211.462-010), 393,000 jobs nationally/12,000 jobs in North Carolina.

[Tr. 87–88]; [Tr. 122]. In reliance upon the VE's testimony, at step five the ALJ determined that plaintiff was not disabled because she could adjust to other substantial gainful work. [Tr. 88].

Plaintiff first argues that the ALJ erred in finding that plaintiff had the RFC to perform light work. *See* [D.E. 17] at 3. Specifically, plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because (1) she is unable to lift 20 pounds or stand/walk for six hours in an eight-hour workday; (2) she has degenerative disc disease with stenosis of the lumbar spine;[1] (3) she takes pain medications that cause drowsiness; (4) she has right median neuropathy of her upper extremity and weakness in her left upper extremity,[2] further impairing her ability to perform lifting tasks required of light work. *Id.* at 13–14.

---

[1] Spinal stenosis, also known as lumbar spinal stenosis, is the "narrowing of the vertebral canal, nerve root canals, or intervertebral foramina of the lumbar spine caused by encroachment of bone upon the space; symptoms are caused by compression of the cauda equina and include pain, paresthesias, and neurologic claudication." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1770 (32d ed. 2012) ("DORLANDS"). Neurologic claudication is limping or lameness "accompanied by pain and paresthesias in the back, buttocks, and lower limbs, relieved by stooping or sitting." *Id.* at 369. Paresthesia is "an abnormal touch sensation, such as burning, prickling, or formication, often in the absence of an external stimulus." *Id.* at 1383. Formication is "a tactile hallucination in which there is a sensation of tiny insects crawling over the skin. *Id.* at 734.

[2] Neuropathy is "a functional disturbance or pathological change in the peripheral nervous system." DORLANDS at 1268. Median neuropathy is "neuropathy due to a lesion of the median nerve or one of its branches." *Id.* at 1269

5

Contrary to plaintiff's first argument, the ALJ carefully considered the entire record and discussed the existence and consequences of plaintiff's disabilities, to include lumbar and cervical degenerative disc disease, dysthymic disorder, anxiety disorder, and asthma. *See* [Tr. 82–86]. Although the ALJ did not discuss plaintiff's present assertions regarding lumbar stenosis and median neuropathy explicitly, the ALJ did address, *inter alia*, (1) plaintiff's symptom of numbness in her arms [Tr. 83]; (2) medical reports from November 2012, March 2013, and July 2014 finding that plaintiff retained full muscle strength in her extremities despite decreased sensation [Tr. 84–85]; (3) a May 2013 MRI that "showed minimal degenerative changes and no significant foraminal compromise" [Tr. 85]; and (4) an October 2014 x-ray of her lumbar spine showing only mild disc space narrowing at L5-S1 [Tr. 85]. *See also* [Tr. 583] (noting, in a July 2013 medical examination report, that plaintiff's May 2013 MRI found "no signs of cord compression or nerve root compression for the most part," whereas a previous MRI–date unspecified, but presumably from October 2012, *see* [Tr. 84]–showed "spondylosis and stenosis at L4-5 and L5-S1, disc herniation at L5-S1."). Thus, the court finds that the ALJ considered plaintiff's alleged symptoms due to lumbar stenosis and median neuropathy and, to the extent that the ALJ erred in failing to discuss these conditions explicitly, plaintiff fails to demonstrate that any such error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) (citing *Sanders*, 556 U.S. at 407, for the proposition that the "general case law governing application of the harmless-error standard" applies equally to administrative cases);

---

(cross-referencing anterior interosseous syndrome and pronator teres syndrome). The symptoms of anterior interosseous syndrome include "pain in the proximal forearm and weakness of the muscles innervated by the nerve." *Id.* at 1821. Pronator teres syndrome causes "pain in the forearm and weakness or sensory deficits in the radial aspect of the hand." *Id.* at 1844.

*Garner v. Astrue*, 436 F. App'x 224, 226 (4th Cir. 2011) (applying, for the first time, the harmless-error standard discussed in *Sanders* in the context of Social Security appeals to the U.S. Court of Appeals for the Fourth Circuit ("Fourth Circuit")).

Regarding the ALJ's RFC decision, as discussed above, the ALJ found that the cumulative effects of plaintiff's documented impairments would preclude her from everything but light work but were not totally disabling. [Tr. 86]. The ALJ found only mild restriction in plaintiff's activities of daily living; mild difficulties in social functioning; and moderate difficulties with concentration, persistence, or pace. [Tr. 81]. There is no discrepancy between the limitations in the ALJ's RFC finding and the requirements of the jobs that the ALJ found, based on the VE's testimony, that plaintiff could perform. Succinctly stated, the ALJ's RFC finding is supported by substantial evidence in the record. *See Perales*, 402 U.S. at 401; *Johnson*, 434 F.3d at 653.

Plaintiff's second argument is that the ALJ erred in rendering a negative credibility determination. [D.E. 17] at 3. Specifically, plaintiff contends that the ALJ misapplied the legal standard established in *Hines v. Barnhart*, 453 F.3d 559, 563–64 (4th Cir. 2006), when he improperly dismissed her subjective complaints and supporting objective medical evidence demonstrating that pain prevented her from completing a full workday. *See* [D.E. 17] at 15–16.

Here, as discussed above, the ALJ found objective medical evidence that plaintiff suffers from lumbar and cervical degenerative disc disease, dysthymic disorder, anxiety disorder, and asthma. See [Tr. 82–86]. Nevertheless, the ALJ found that plaintiff's statements regarding the intensity, persistence, and limiting effects due to her medically discernable impairments were not entirely credible. [Tr. 84]. In support of this finding, the ALJ noted a variety of conflicts between plaintiff's statements and the record medical evidence. For example, as to plaintiff's

7

asserted difficulty walking and lifting, the ALJ noted that, according to a July 2014 hospital report, plaintiff "was able to walk and was noted to walk 'briskly' carrying several food bags during her visit." [Tr. 85] (quoting Tr. 636). Further, the ALJ noted that, during October 2014 emergency room visits due to low back pain and intermittent paresthesia in her left leg, plaintiff demonstrated a normal range of motion and was noted to walk without difficulty. *Id.* (referencing Tr. 680, 686). As to her ability to sit or stand, the ALJ cited a March 2013 physical examination report wherein plaintiff "estimated that she could stand up to 30 minutes at a time and sit for up to 40 minutes at a time, walk 1/4 of a mile, and carry up to 10 pounds." *Id.* (referencing Tr. 365). As to her complaints that her pain medication caused incapacitating side effects, the ALJ cited a March 2014 orthopedic examination follow-up where plaintiff disclaimed any adverse side effects due to her medications. *Id.* (referencing Tr. 550).

Although plaintiff asserts that the ALJ misapplied the legal standard announced in *Hines*, [D.E. 17] at 15–16, the court finds no such error because *Hines* is substantially distinguishable from the present matter. In *Hines*, a claimant sought disability benefits for sickle cell anemia because the condition caused him to experience fatigue, weakness, and both chronic and acute pain. *Hines*, 453 F.3d at 562–63. The ALJ had denied benefits largely because there was no objective evidence that supported the claimant's subjective claims of disabling pain. *Id.* at 561. The Fourth Circuit affirmed this court's reversal of the ALJ's finding below because, due to the unique characteristics of sickle cell anemia–a disease that rarely produces objective medical evidence of pain–the claimant was entitled to rely solely upon subjective evidence, without supporting objective evidence, to prove that his condition precluded him from accomplishing an eight-hour workday. *Id.* at 561–67. Nevertheless, the Fourth Circuit noted:

> While objective evidence is not mandatory at the second step of the test [as described in 20 C.F.R. § 404.1529(c)], "[t]his is not to say, however, that

8

objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers."

*Id.* at 565 n.3 (quoting *Craig*, 76 F.3d at 595).

Unlike the claimant in *Hines*, plaintiff in this case has not asserted that she suffers from a disease that rarely produces objective medical evidence. *Cf. Hines*, 453 F.3d at 561. Moreover, as discussed above, here the ALJ found that plaintiff's complaints lacked credibility, not solely because these complaints were subjective or unsupported by objective evidence, but rather because these complaints were inconsistent with record evidence. The court finds that the ALJ's evaluation is explicitly permitted by, and consistent with, the Fourth Circuit's decisions in *Hines* and *Craig*. *See also Morris v. Astrue*, No. 7:08CV630, 2010 WL 838862, at *3 (W.D.Va. Mar. 5, 2010) (noting that an ALJ is not required "to defer blindly to [a claimant's] testimony about the level of impairment caused by his pain once [the claimant] has established objective evidence of an underlying medical impairment").

In sum, the court finds that the Commissioner's final decision–including the ALJ's RFC finding and credibility determination–is supported by substantial evidence and applied the correct legal standard. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401; *Johnson*, 434 F.3d at 653.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close the file.

SO ORDERED.

This **18** day of August, 2017.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE